IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| COURTNEY MONTEZ SECREST, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-0021 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Trauger |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

In response to the court's show-cause order, movant Courtney Montez Secrest has filed an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 11), challenging his September 2014 conviction and sentence in this court.

Under Rule 4 of the Rules Governing § 2255 Proceedings, the court must "promptly examine" any § 2255 motion upon its filing. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ." Rules Gov'g § 2255 Proceedings, Rule 4(b). After conducting an initial review pursuant to Rule 4(b), the court concludes that the amended motion is facially without merit. For the reasons expressed herein, the court will summarily dismissed the amended § 2255 motion without requiring the United States government to answer it. Likewise, because the record conclusively shows that the movant is not entitled to post-conviction relief under 28 U.S.C. § 2255, there is no need for an evidentiary hearing.

**I.      Standard of Review**

A federal prisoner may make a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his judgment of conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. To warrant relief under § 2255 based on an alleged constitutional error, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). To warrant relief under § 2255 based on an alleged non-constitutional error, the movant bears the burden of establishing that there was a fundamental defect in the criminal proceedings which

necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. Hill v. United States, 368 U.S. 424, 428 (1962); Fair v. United States, 157 F.3d 427, 430 (6th Cir. 1998).

A § 2255 motion is not a substitute for a direct appeal, and it cannot do service for an appeal. Bousley v. United States, 523 U.S. 614, 621 (1998); Reed v. Farley, 512 U.S. 339, 354 (1994). Issues that were or could have been presented and decided in a direct appeal may not be litigated in a § 2255 proceeding absent exceptional circumstances, for example, actual innocence or an intervening retroactive change in the law. Bousley, 523 U.S. at 623; Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999).

Generally, an evidentiary hearing is not required if the movant's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or are mere conclusions rather than a statement of specific facts. Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir.1999).

## II. Facts and Procedural History

On January 15, 2014, the federal grand jury returned an indictment charging the movant with three counts of robbery in violation of the Hobbs Act, one count of armed bank robbery, and two counts of possessing and brandishing a firearm in furtherance of a crime of violence. United States v. Secrest, No. 1:14-cr-00001 (M.D. Tenn. Jan. 15, 2014) (ECF No. 5 (sealed Indictment)). The court appointed the Federal Public Defender to represent the movant.

In September 2014, the movant filed a Petition to Enter a Plea of Guilty and entered into a binding Plea Agreement pursuant to which he agreed to plead guilty to Counts 1, 2, 3, 5, and 6 of the Indictment and the United States agreed to dismiss Count 4, one of the brandishing charges. The parties agreed to a sentence of 188 months on each of Counts 1, 2, 3, and 5, all to run concurrently, to be followed by a consecutive term of 84 months of imprisonment on Count 6, for a total effective sentence of 272 months in the custody of the Bureau of Prisons, to be followed by five years of supervised release. The parties agreed that if the court accepted and imposed the agreed sentence, the movant could not withdraw his plea as a matter of right under Rule 11(d) of the Federal Rules of Criminal Procedure, but if the court did not impose the agreed sentence, either party had the right to withdraw from the Plea Agreement.

The sentencing hearing was held on January 12, 2015, at which time the court sentenced the movant in accordance with the parties' agreement. Judgment was entered on January 21, 2015, and an Amended Judgment was entered on January 23, 2015.

On December 21, 2015 and on January 18, 2015, the movant filed two virtually identical "Motions for Extension of Time" in the criminal action, asking for "an extension of time within which to appeal from the judgement entered on January 12, 2015." In support of the motions, the defendant asserted that he had written three letters to his defense counsel in October and November 2015, asking for "all the papers needed for his appeal," but that he did not receive the necessary documents until December 7, 2015, and that the prison was on lockdown, preventing access to the law library, from December 9, 2015 through the first week of January 2016.

On February 24, 2016, the court entered an order denying the motions insofar as they sought an extension of the deadline for taking a direct appeal. The court further noted, however, that the movant might have intended to seek to extend the deadline for filing a § 2255 motion. The court notified the movant that the deadline for filing a § 2255 motion was February 6, 2016, and that if he intended to seek post-conviction relief under § 2255, "he should promptly file a motion under 28 U.S.C. § 2255 and submit it along with a motion to toll or extend the statute of limitations." United States v. Secrest, No. 1:14-cr-0001 (M.D. Tenn. Feb. 24, 2016) (Order).

The movant did not file his original motion in the present action until March 31, 2016. That motion was unsigned and undated and did not state a claim for relief. In response to the court's directive, the movant has now submitted his amended motion. The amended motion is signed and dated and articulates two grounds for relief.[1]

**III. Discussion**

The court has examined the amended motion as required by Rule 4(b) of the Rules Governing

---

[1] The court notes that the motion, even if deemed to have been filed on March 31, 2016, is untimely, having been filed more than one year after the movant's conviction became final on February 6, 2015. Despite having been directed to do so, the movant raises no argument in either his original or amended motion in support of equitable tolling or extension of the filing deadline. The court nonetheless finds that the movant's letters to the court, submitted prior to the expiration of the AEDPA deadline, arguably provide a basis for extending the filing deadline. In any event, because the motion will be dismissed on the merits, the court declines to dismiss it on the grounds of untimeliness.

Section 2255 Proceedings and determined that the movant has not met this burden of showing that he is entitled to relief under 28 U.S.C. § 2255. He has not established an error of constitutional magnitude, a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of his right to due process of law.

### A. Alleged Failure to Sign the Indictment

In his first ground for relief, the movant states that the indictment must be dismissed because it "was not signed by the U.S. Attorney and that in turn shows that the indictments [sic] have no validity and for that they should be dismissed." (ECF No. 11, at 4.) Regardless of whether this ground states a claim that would be cognizable in a habeas proceeding, the movant is simply incorrect. The indictment in the underlying criminal court record shows the signatures of Jimmie Lynn Ramsaur as Acting U.S. Attorney, Assistant United States Attorney William L. Deneke, and the Grand Jury Foreperson. United States v. Secrest, No. 1:14-cr-00001, Docket Nos. 4 (Grand Jury Foreperson's signature redacted) and 5 (sealed, showing Grand Jury Foreperson's signature). No more is required. In addition, "grand jury indictments are presumed valid" and therefore are not to be lightly disturbed. United States v. Overmyer, 899 F.2d 457, 465 (6th Cir. 1990); see also United States v. Powell, 823 F.2d 996, 1000 (6th Cir. 1987) ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." (quoting Costello v. United States, 350 U.S. 359, 363 (1956)). The movant does not establish a legitimate claim for dismissal of the indictment or for habeas relief. This claim is subject to summary dismissal.

### B. Ineffective Assistance of Counsel

As his second ground for relief, the movant claims that he was deprived of the effective assistance of counsel, a right secured under the Sixth Amendment to the United States Constitution. The Sixth Amendment provides that in all criminal prosecutions, the accused has a right to the assistance of counsel for his defense. Ineffective assistance of counsel that violates the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984)

In Strickland, the Supreme Court established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, a convicted defendant claiming ineffective assistance of

counsel must show "that counsel's representation fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, and to do so he must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Second, the defendant must show that his defense was actually prejudiced by counsel's allegedly deficient performance. Id. at 692.

The district court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Trial counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound trial strategy. Nix v. Whiteside, 475 U.S. 157, 165 (1986); Strickland, 466 U.S. at 689–90. And the prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial or the sentencing hearing either unreliable or fundamentally unfair. Lockhart, 506 U.S. at 372. To satisfy the prejudice element, a defendant must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of his trial or sentencing hearing would have been different and more favorable to the defendant. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. Strickland, 466 U.S. at 693–94.

As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the movant. Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985). The movant fails to meet his burden in this case. In support of his claim, the movant states only: "My attorney was negligent because he failed to perform his proper duties as my counselor and his negligence prejudice[d] the outcome of my case." (ECF No. 11, at 5.) The movant does not identify any actions taken by counsel that should not have been taken, or a failure to act where he should have, and does not explain how any such action or failure to act prejudiced the movant's defense. The court finds that the movant's vague and unsupported assertions of negligent performance and prejudice fail to establish either prong of the Strickland test. The movant has not shown that his counsel's performance fell below an objective standard of reasonableness or made a threshold showing that his counsel's performance caused the movant to suffer actual prejudice in the plea negotiations or at sentencing. The movant fails to state a colorable claim for relief based on the ineffective assistance of counsel. This claim too is subject to summary dismissal.

**IV.     Conclusion**

For the reasons set forth herein, Courtney Secrest's amended motion for post-conviction relief pursuant to 28 U.S.C. § 2255 will be denied and dismissed with prejudice.

The court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. Rules Gov'g § 2255 Proceedings, Rule 11(a). Because the movant has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court will deny a certificate of appealability.

A separate order will enter.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE