# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| COURTNEY MONTEZ SECREST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-00021 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's Superseding Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 36);[1] the Government's Response (Docket No. 37); the Government's Supplemental Response (Docket No. 40); the Petitioner's Reply (Docket No. 44); and the Government's Reply (Docket No. 45). For the reasons set forth herein, the Superseding Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 36) is DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One through Three); one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (Count Five); and one count of brandishing a firearm in furtherance of a crime of

---

[1] By Order entered August 8, 2016 (Docket No. 32), the court directed counsel for the Petitioner to file an amended superseding motion setting forth every basis for relief without reference to, or adoption of, prior pleadings. In response, counsel filed the Superseding Motion To Vacate (Docket Nos. 35, 36).

violence, in violation of 18 U.S.C. § 924(c) (Count Six). (Docket Nos. 1, 37, 38, 39 in Case No. 1:14cr00001). Through the Plea Agreement, the parties agreed to a total sentence of 272 months of imprisonment, and the Government agreed to dismiss the remaining 924(c) count at sentencing. (Docket No. 39, at ¶¶ 3, 11, in Case No. 1:14cr00001). At the subsequent sentencing hearing, on January 12, 2015, the court imposed the agreed 272-month sentence, as follows: 188 months as to Counts One through Three and Five, to run concurrently, and 84 months as to Count Six, to run consecutively. (Docket Nos. 44, 45, 46, 47, 48 in Case No. 1:14cr00001). The record indicates that no appeal was taken.

### III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary

2

hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B. Johnson v. United States

The Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of the career offender sentencing guideline, as well as 18 U.S.C. § 924(c), both of which were applied to him. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

(2) As used in this subsection–

\* \* \*

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added).

After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender guideline.[2] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The

---

[2] For purposes of the career offender guideline, "crime of violence" was defined as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

4

Petitioner relies on the reasoning of these decisions in arguing that the career offender guideline that was applied to him at sentencing was unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence was enhanced because his convictions for Hobbs Act robbery and armed bank robbery were improperly considered to be "crimes of violence" under the residual clause of the definition.

The Government argues that the Petitioner's challenge to the career offender guideline is foreclosed by the Supreme Court's decision in *Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017), which was decided while this case was pending.

In *Beckles*, the Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. Thus, even if the Petitioner's convictions for Hobbs Act robbery and armed bank robbery qualified as "crimes of violence" under the career offender residual clause definition, application of that definition was not unconstitutional. The Petitioner's challenge to the career offender guideline is without merit.

The Petitioner also argues that his conviction for violation of 18 U.S.C. § 924(c) is no longer valid because the statute's definition of "crime of violence" contains a "residual clause"

---

U.S.S.G. § 4B1.2(a)(2) (emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

similar to that invalidated in *Johnson*.³ More specifically, the Petitioner argues that the offense

---

³ Section 924(c) provides in pertinent part, as follows, with the "residual clause" set forth in italics:

(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

\* \* \*

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

referenced in his Section 924(c) charge, armed bank robbery,[4] was improperly considered to be a "crime of violence" under the statute's residual clause.

The Government argues that the Petitioner's challenge to his Section 924(c) conviction is barred by the Sixth Circuit's decision in *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016), *cert denied,* 2018 WL 2186221 (May 14, 2018), which held that the *Johnson* decision does not apply to invalidate Section 924(c)'s residual clause definition. The Government alternatively argues that, even if the Section 924(c) residual clause were considered to be unconstitutionally vague, the Petitioner would not be entitled to relief because armed bank robbery is a "crime of violence" without regard to the residual clause. The Government relies on the Sixth Circuit's decision in *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016).

In *McBride*, the court held that armed bank robbery satisfies the "use of force" clause in the Sentencing Guidelines' "crime of violence" definition. The Sentencing Guideline's "use of

---

[4] Armed bank robbery, the "crime of violence" referenced in Petitioner's Section 924(c) count, was charged as a stand-alone count (Count Five) in the same Indictment:

> On or about December 18, 2013, in the Middle District of Tennessee, **Courtney Montez Secrest**, by force and violence, and by intimidation, did take from the person and presence of another, to wit, employees of Regions Bank, 2100 Carmack Boulevard, Columbia, Tennessee, approximately $5,056.00, belonging to and in the care, custody, control, management, and possession of Regions Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing this offense, **Courtney Montez Secrest** did assault the employees of Regions Bank, and did put said employees' lives in jeopardy by the use of a dangerous weapon.
>
> In violation of Title 18, United States Code, Sections 2113(a) and 2113(d).

(Doc. No. 4, at 3, in Case No. 1:14cr00001).

force" clause is almost identical to the one in Section 924(c), which includes felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In considering the elements of bank robbery, the *McBride* court pointed out that a conviction requires proof that the defendant "by force and violence, or by intimidation, takes, or attempts to take . . . any property . . . belonging to, or in the care, custody, control, management, or possession of, any bank." 18 U.S.C. § 2113(a); 826 F.3d at 295. The court concluded that bank robbery by "force and violence" clearly fits the definition, though bank robbery by "intimidation" presents a closer question, "although not by much." 826 F.3d at 295-96. Reasoning that "intimidation" means "'conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force,'" the court determined that "intimidation" satisfies the definition:

> We reject McBride's contention that daylight can be found between 'intimidation' and 'threatened use of physical force.' Although McBride is correct that intimidation can be communicated by 'words, demands, and gestures,' so too with the threat of physical force, [*United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002)]. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force, *see, e.g., United States v. Torres–Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012) (considering poisoning), as discussed above, that is not the case with intimidation in the § 2113(a) context, which requires the threat to use physical force, not merely to cause bodily injury.

826 F.3d at 296.

Other circuits have also held that armed bank robbery is a "crime of violence" under the Sentencing Guidelines' "use of force" clause. *See, e.g., United States v. Wilson*, 880 F.3d 80 (3rd Cir. 2018); *United States v. Harper*, 869 F.3d 624, 626, 2017 WL 3613336 (8th Cir. 2017). The

Petitioner has not suggested any reasoned distinction between the Sentencing Guidelines' "use of force" clause and the one set forth in Section 924(c)(3)(A). *See United States v. McNeal*, 818 F.3d 141 (2016) (bank robbery under Section 2113(a) constitutes a crime of violence under the "use of force" clause of Section 924(c)(3)). Based on this authority, the court concludes that armed bank robbery qualifies as a "crime of violence," notwithstanding any vagueness challenge to the residual clause of Section 924(c). Accordingly, the Petitioner's Motion To Vacate is without merit.[5]

## IV. Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Superseding Motion To Vacate is denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

ENTER this 20th day of June 2018.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[5] Given the court's disposition of the Petitioner's claims, it is unnecessary to consider the Government's argument based on the waiver provision of the Plea Agreement.